### Marcel Douat *v.* Barthelemy Beombay.

The eighth section of the city ordinance relative to markets, which provides for the ejectment of any person occupying any table, stand, or stall, without the consent of the farmer or collector of the revenues of the market, has reference to the original occupation of the stall, stand or table, by a person not previously in possession, but does not apply to the case of a party who obtained possession under a former collector, and has continued that possession since the lease of the revenues to the farmer who desires to eject him.

All that the farmer has the right to require of a butcher, in the actual occupation of a stall in the market, is a conformity to the ordinances in relation to the mode of keeping the stall, and the punctual payment of the dues imposed by the ordinance.

There is no warrant given by this eighth section of the ordinance for the summary arrest and imprisonment of a person refusing to deliver up a stall, upon demand.

The compulsion spoken of in the concluding clause of this section, is a compulsion by legal process.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J.
*Buisson & Castellanos,* for plaintiff and appellant. *P. Soulé,* for defendant.

Buchanan, J. Plaintiff is a butcher. In the month of January, 1859, a stall for the sale of butcher's meat, No. 2, in the New Trémé Market, was assigned to him by the Commissary of said market, under a written authority from the Mayor.

Defendant is the farmer of the revenues of the said market, under an adjudication at public auction on the 5th of March, 1859, his lease to expire on the 31st of December, 1859.

On the 6th of March, 1859, plaintiff being in possession of the stall No. 2, and having butcher's meat exposed for sale upon the same, was informed by defendant that he had promised the stall to another person, and was ordered to quit the same. Plaintiff answered, that he was in possession by order of the Mayor and Commissary ; that he was ready to pay the defendant the legal fees for keeping said stall, and tendered the same to defendant ; who refused to receive said fees, but called in a police officer and required him to arrest and imprison plaintiff ; which was done. Plaintiff was taken off to prison, having his stall covered with meat, and without any one to take care of it.

This suit has two objects :

1. Damages for an illegal arrest ; and 2. The possession of the stall No. 2 in the market, from which plaintiff was thus ejected by defendant.

The defence is :

I. That defendant had a right to have plaintiff arrested, under his lease with the city, and the 8th section of the market ordinance ; both of which are in evidence.

II. That he had the right to give the stall to another person, notwithstanding the occupancy of the plaintiff.

These pretensions of defendant are professedly based upon the 8th section of a city ordinance relative to markets, (Compilation of City Ordinances, No. 425,) which reads as follows :

" Any person occupying any table, stand, or stall, without the consent of the said farmer or collector, and who shall refuse to deliver up the same, on the first request that shall be made to him by the Commissary of the market, shall pay a

48

DOUAT
*v.*
BROMBAY.

fine of ten dollars for each offence, and shall be compelled to conform to the provisions of the present enactment."

It is clear, from the whole context of this ordinance, that the occupation here spoken of is the original occupation of the stall, stand or table, by a person not previously in possession. For the section immediately preceding the one just quoted, declares as follows :

" Any butcher or other person residing in said market, if absent therefrom three days, leaving his stall or table unoccupied, shall be deemed to have abandoned the same, and the farmer may hire it to another."

Now, in the case at bar, we have seen that plaintiff had been in possession of a stall about two months previously to the lease of the revenues of the New Trémé Market to defendant; that he had not left the stall unoccupied, but was in the actual occupation of the same, covered with meat exposed for sale, at the moment that the defendant entered into possession of the revenues of the market, under his lease. For the object of the lease, according to the first section of the same market ordinance, and according to the authentic act of lease made to defendant by the Mayor, was nothing else than " *the collection of the revenue of the prolongation of the Trémé Market.*" All that the farmer had a right to require from a butcher in the actual occupation of a stall in the market, was a conformity to the ordinances in relation to the mode of keeping the stall, and the punctual payment of the dues imposed by the ordinance. In this case, the dues were tendered by plaintiff; and it is not pretended that plaintiff was in contravention of the ordinance in any respect.

The summary arrest and imprisonment of plaintiff was, if possible, still more unjustifiable than his ejectment from the stall by defendant. The article of the ordinance relied upon by defendant requires a summons or request to be made by the Commissary of the market, for the delivery of possession. Here, there was no such request made by that officer. And supposing that there had been, the legal consequence of disobedience, on the part of plaintiff, would not have been his arrest and imprisonment, but a fine of ten dol' . according to the ordinance. Neither do we find a warrant for the arrest in the concluding clause of the section, which is italicised in the brief of defendant's counsel, " *and shall be compelled to conform to the provisions of the present enactment.*" We suppose that the compulsion here spoken of, is a compulsion by legal process ; of which, certainly, there is no evidence before us.

We conclude, that plaintiff has made out a clear case for damages against the defendant. As the lease of the defendant terminated, by its terms, on the 31st of December last, and as it is probable some other butcher has acquired an occupation of stall No. 2, since that date, who is not a party to this suit, we do not feel authorized to order, as prayed for, a restoration of plaintiff to stall No. 2, at this time. Neither does the evidence enable us to assess the damages caused to plaintiff in person and property by the acts of defendant. Justice seems to require that the cause shall be remanded for further evidence.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed ; and that this cause be remanded to the court below for a new trial ; and that the defendant and appellee pay costs of the appeal in both courts.